# EXHIBIT 2

Electronically Submitted
6/24/2019 3:46 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CAUSE NO. **CL-19-3411-D**

| | | |
|---|---|---|
| GAEL MENDOZA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIA FIDENCIA MENDOZA, DECEASED<br>PLAINTIFFS | § § § § § § § § § § § § § § | IN THE COUNTY COURT |
| VS. | | AT LAW NO._____ |
| AMERICAN RED CROSS OF SOUTH TEXAS, AMERICAN NATIONAL RED CROSS<br>DEFENDANTS | | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, **GAEL MENDOZA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIA FIDENCIA MENDOZA, DECEASED,** hereinafter referred to as Plaintiffs, complaining of and about **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS,** hereinafter referred to as Defendants, and for cause of action show unto the Court the following:

### I. DISCOVERY PLAN

PLAINTIFFS intend to conduct discovery under Discovery Level 2 of the Texas Rules of Civil Procedure Section 190.

### II. PARTIES

PLAINTIFFS **GAEL MENDOZA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIA FIDENCIA MENDOZA, DECEASED,** are residents of Hidalgo County, Texas.

Defendant, **AMERICAN RED CROSS OF SOUTH TEXAS** is an entity operating in Texas and may be served with process by serving its Interim Executive Director, Carmen Arrata at 6914 West Expressway 83, Harlingen, Texas 78552. Service of said Defendant as described above can be effected by certified mail return receipt requested.

Defendant, **AMERICAN NATIONAL RED CROSS,** is an entity operating in Texas and may be served with process by serving its Principal Officer, Gail J. McGovern at 431 18th Street NW, Washington, DC 20006 USA. Service of said Defendant as described above can be effected by certified mail return receipt requested.

**PLAINTIFFS' ORIGINAL PETITION**

Electronically Submitted
6/24/2019 3:46 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-19-3411-D

## III. JURISDICTION AND VENUE

Plaintiffs bring this lawsuit to recover damages against Defendants for sustained losses, damages bodily injuries and personal injuries suffered by PLAINTIFFS as a result of the Unreasonably Dangerous Condition, Premises Liability and violations of Americans with Disabilities Act, that occurred on June 25, 2018, in Donna, Hidalgo County, Texas.

Plaintiffs have sustained damages in a sum within the jurisdictional requirements of this Court.

The subject matter in controversy is within the jurisdictional limits of this court. Venue in Hidalgo County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

PLAINTIFF, **GAEL MENDOZA AS REPRESENTATIVE OF THE ESTATE OF MARIA FIDENCIA MENDOZA, DECEASED**, requests monetary relief of $74,999.00 from DEFENDANTS as compensation for the injuries and damages that her mother has suffered and incurred as a result of the incident the subject of this lawsuit.

PLAINTIFF, **GAEL MENDOZA, INDIVIDUALLY**, requests monetary relief of $74,999.00 from DEFENDANTS as compensation for the injuries and damages that she has suffered and incurred as a result of the incident the subject of this lawsuit.

Plaintiffs have complied with the Texas Tort Claims Act by providing notice to Defendant on October 02, 2018.

## IV. FACTUAL BACKGROUND

At all times mentioned herein, DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** were in control of a disaster relief location at the recreation center of the City of Donna, Texas.

As invitees of the **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** Plaintiffs **GAEL MENDOZA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIA FIDENCIA MENDOZA, DECEASED**, had entered onto the said property for shelter from the rainstorms. While there, **MARIA FIDENCIA MENDOZA** entered the shower where there was a folding chair to sit on. As she sat on the folding chair, the wobbly and rusty chair collapsed, and **MARIA FIDENCIA MENDOZA** fell to the floor suffering bodily injuries. The showers did not have hand rails for senior citizens.

Due to a lack of proper accessible equipment on the premises, **MARIA FIDENCIA**

**PLAINTIFFS' ORIGINAL PETITION**

Electronically Submitted
6/24/2019 3:46 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-19-3411-D**

MENDOZA was vulnerable and unable to maintain safety, forcing her to slide and fall from the folding chair. As a result, **MARIA FIDENCIA MENDOZA** suffered serious injuries including the head, neck and hips.

## V. CAUSES OF ACTION

### COUNT 1. PREMISES LIABILITY OF WHATABURGER, L.L.C., BASED ON AN UNREASONABLY DANGEROUS CONDITION

### Plaintiffs incorporate the Factual Background in Section IV

DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** were in control of the premises located at located at 307 Miller Avenue in Donna, Hidalgo County, Texas. The location is a recreation center owned and operated by the City of Donna, Texas.

As an invitee at **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS, MARIA FIDENCIA MENDOZA** had entered onto the premises to receive emergency services provided by **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS.**

**MARIA FIDENCIA MENDOZA** was in the shower that had a faulty and rusty folding chair. **MARIA FIDENCIA MENDOZA** was 89 years old at the date and time of the incident made the basis of this lawsuit.

Since the folding chair is in inappropriate condition for a senior citizen in the shower area, **MARIA FIDENCIA MENDOZA** fell and suffered bodily injuries causing her agonizing physical and mental pain.

This unreasonably dangerous condition existed despite the fact that DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** knew or should have known of the existence of the unreasonably dangerous condition.

Furthermore, DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** violated the provisions of the Americans with Disabilities Act by failing to provide a shower with hand rails so that senior citizens like **MARIA FIDENCIA MENDOZA** safely use the showers, without suffering injuries.

### Duty

DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** had a duty to not allow an unreasonably dangerous condition to exist

**PLAINTIFFS' ORIGINAL PETITION**

Electronically Submitted
6/24/2019 3:46 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-19-3411-D

for invitees such as **MARIA FIDENCIA MENDOZA**.

DEFENDANT **AMERICAN RED CROSS OF SOUTH TEXAS** and **AMERICAN NATIONAL RED CROSS** had a duty to inspect the premises for unreasonably dangerous conditions.

Defendants had the duty of care to keep the premises in a reasonably safe condition to invitees, such as **MARIA FIDENCIA MENDOZA**.

Defendants had the duty to use ordinary care towards invitees and the duty to inspect the premises to discover latent defects. Defendants are charged with actual or constructive knowledge of any unreasonably dangerous condition that a reasonable careful inspection would reveal.

Defendants also had the duty to warn about or to make safe any unreasonably dangerous condition that Defendants knew or should have known about.

### Breach

DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS** and **AMERICAN NATIONAL RED CROSS** breached the duty of ordinary care in the following particulars:

A. DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS** and **AMERICAN NATIONAL RED CROSS** breached the duty of ordinary care by failing to provide the proper accessible materials to maintain safety.

B. DEFENDANTS failed to give Adequate and Comprehensive warnings to **MARIA FIDENCIA MENDOZA** by not placing the proper holding rails for senior citizens.

C. DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS** and **AMERICAN NATIONAL RED CROSS** failed to properly inspect and discover the unreasonably dangerous condition by failing to visually inspect the shower area to ensure there was not any inappropriate equipment.

D. DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS** and **AMERICAN NATIONAL RED CROSS** failed to exercise reasonable care to reduce or eliminate the unreasonably dangerous condition on defendant's premises.

E. DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS** and **AMERICAN NATIONAL RED CROSS** failed to make the condition reasonably safe by eliminating the unreasonably dangerous condition by taking out the faulty folding chair and installing hand rails

Electronically Submitted
6/24/2019 3:46 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-19-3411-D**

in the shower.

    F.    **DEFENDANTS AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** failed to exercise reasonable care to reduce or eliminate the risk posed by the unreasonably dangerous condition described above.

    G.    **DEFENDANTS AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** breached its duty of care by failing to inspect and safely maintain the showers;

    H.    **DEFENDANTS AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** would have discovered and corrected the unreasonably dangerous condition if they would have used diligence in conducting an adequate inspection for dangerous conditions.

    I.    **DEFENDANTS AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** failed to warn **MARIA FIDENCIA MENDOZA** of the unreasonably dangerous condition mentioned in this lawsuit.

    J.    **DEFENDANTS AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** also failed to warn **MARIA FIDENCIA MENDOZA** by placing its employees, agents and/or representatives to warn Plaintiff of the unreasonably dangerous condition.

### Proximate Causation

At the time and on the occasion of the incident made the basis of this lawsuit, **DEFENDANTS'** breach of duty of care proximately caused the bodily injuries and personal injuries suffered by **MARIA FIDENCIA MENDOZA**.

Defendants by their acts and omissions was negligent and liable for the unreasonably dangerous condition that existed on its premises that was a proximate cause of the injuries and damages suffered by **MARIA FIDENCIA MENDOZA**.

### INJURIES TO MARIA FIDENCIA MENDOZA

**MARIA FIDENCIA MENDOZA** sustained the following serious bodily injuries as a direct and proximate result of the Defendants' negligence:

    a.    headaches

    b.    neck area

Electronically Submitted
6/24/2019 3:46 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-19-3411-D

c. head injury

c. right hip injury; and

d. **MARIA FIDENCIA MENDOZA** suffered injuries to the rest of her body in general.

## DAMAGES TO MARIA FIDENCIA MENDOZA

As a direct and proximate result of the negligence of Defendant as alleged herein, **MARIA FIDENCIA MENDOZA** suffered the following damages:

a. Past medical expenses in the amount in excess of the jurisdictional limits of the Court;

b. Future medical expenses in excess of the minimum jurisdictional limits of the Court;

c. Past and future physical disability in excess of the minimum jurisdictional limits of the Court;

d. Past and future physical pain and suffering and mental anguish in excess of the minimum jurisdictional limits of the Court; and

e. Plaintiff's life expectancy has been severely shortened by the incident made the basis of this complaint.

PLAINTIFF, **GAEL MENDOZA AS REPRESENTATIVE OF THE ESTATE OF MARIA FIDENCIA MENDOZA, DECEASED** requests monetary relief of $74,999.00 from DEFENDANTS as compensation for the injuries and damages that she has suffered and incurred as a result of the incident the subject of this lawsuit.

## COUNT 2.   VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT BY DEFENDANTS AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS

### Plaintiffs incorporate the Factual Background in Section IV

Plaintiff **GAEL MENDOZA AS REPRESENTATIVE OF THE ESTATE OF MARIA FIDENCIA MENDOZA, DECEASED** brings this lawsuit to recover for bodily injuries and personal injuries sustained by **MARIA FIDENCIA MENDOZA** as a result of using a shower that did not have hand rails.

**PLAINTIFFS' ORIGINAL PETITION**

Electronically Submitted
6/24/2019 3:46 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-19-3411-D**

DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** were in control of the premises located at located at 307 Miller Avenue in Donna, Hidalgo County, Texas.

**MARIA FIDENCIA MENDOZA** had entered onto the premises to receive emergency services provided by **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS**.

**MARIA FIDENCIA MENDOZA** was in the shower that had a faulty and rusty folding chair. **MARIA FIDENCIA MENDOZA** was 89 years old at the date and time of the incident made the basis of this lawsuit.

Since the folding chair is in inappropriate condition for a senior citizen in the shower area, **MARIA FIDENCIA MENDOZA** fell and suffered bodily injuries causing her agonizing physical and mental pain.

DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** violated the provisions of the Americans with Disabilities Act by failing to provide a shower with hand rails so that persons like **MARIA FIDENCIA MENDOZA** safely use the showers, without suffering injuries.

### Duty

DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** had a duty to provide safe and accessible facilities for **MARIA FIDENCIA MENDOZA**.

DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** had a duty to inspect the facilities.

Defendants had the duty of care to keep the facilities safe for senior citizens, such as **MARIA FIDENCIA MENDOZA**.

### Breach

DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** breached the duty of ordinary care in the following particulars:

A. DEFENDANTS **AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** breached the duty of ordinary care by failing to provide the proper accessible materials to maintain safety.

B. DEFENDANTS failed to give Adequate and Comprehensive warnings to Plaintiff

**PLAINTIFFS' ORIGINAL PETITION**

Electronically Submitted
6/24/2019 3:46 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-19-3411-D**

by not placing the proper holding rails for senior citizens.

    C.    **DEFENDANTS AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** failed to properly inspect and discover the unreasonably dangerous condition by failing to visually inspect the shower area to ensure there was not any inappropriate equipment.

    D.    **DEFENDANTS AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** failed to take out the faulty folding chair and installing hand rails in the shower.

    E.    **DEFENDANTS AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** failed to inspect and safely maintain the showers.

    F.    **DEFENDANTS AMERICAN RED CROSS OF SOUTH TEXAS and AMERICAN NATIONAL RED CROSS** failed to warn Plaintiff of the showers with no hand rails.

### Proximate Causation

At the time and on the occasion of the incident made the basis of this lawsuit, **DEFENDANTS'** breach of duty of care proximately caused the bodily injuries and personal injuries of **MARIA FIDENCIA MENDOZA**.

Defendants by their acts and omissions were negligent and liable for the injuries and damages suffered by **MARIA FIDENCIA MENDOZA**.

### INJURIES TO MARIA FIDENCIA MENDOZA

**MARIA FIDENCIA MENDOZA** sustained the following serious bodily injuries as a direct and proximate result of the Defendants' negligence:

    a.    headaches

    b.    neck area

    c.    head injury.

    c.    right hip injury; and

    d.    **MARIA FIDENCIA MENDOZA** suffered injuries to the rest of her body in general.

Electronically Submitted
6/24/2019 3:46 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

## CL-19-3411-D

## DAMAGES TO GAEL MENDOZA, AS REPRESENTATIVE OF THE ESTATE OF MARIA FIDENCIA MENDOZA, DECEASED

As a direct and proximate result of the negligence of Defendants as alleged herein, Plaintiff **GAEL MENDOZA, AS REPRESENTATIVE OF THE ESTATE OF MARIA FIDENCIA MENDOZA, DECEASED** suffered the following damages:

A.  Damages for the reasonable and necessary expenses which **MARIA FIDENCIA MENDOZA has** incurred up until the time of trial as a result of said incident made basis of this lawsuit;

B.  Damages for reasonable and necessary medical expenses which **MARIA FIDENCIA MENDOZA** has incurred in the past and will incur in the future as a result of said injuries;

C.  Damages for reasonable and necessary expenses for medication which **MARIA FIDENCIA MENDOZA** has incurred to date and will incur in the future as a result of said injuries;

D.  Damages for the past and present physical pain and suffering that **MARIA FIDENCIA MENDOZA** has suffered as a result of the incident made the basis of this lawsuit and resulting injuries;

E.  Damages for future physical pain and suffering to be suffered by Plaintiff as a result of the incident made the basis of this lawsuit and resulting injuries;

F.  Damages for past, present and future mental anguish suffered by **MARIA FIDENCIA MENDOZA** as a result of the incident made basis of this lawsuit and resulting injuries;

G.  Damages for loss of enjoyment of life, both past and future, **MARIA FIDENCIA MENDOZA** has suffered as a result of the incident that made the basis of this lawsuit and the resulting injuries;

H.  Damages for physical impairment in the past **MARIA FIDENCIA MENDOZA** has suffered as a result of the incident that made the basis of this lawsuit and the resulting damages; and

K.  **MARIA FIDENCIA MENDOZA'S** life expectancy has been severely shortened by the incident made the basis of this complaint.

Electronically Submitted
6/24/2019 3:46 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-19-3411-D**

GAEL MENDOZA, AS REPRESENTATIVE OF THE ESTATE OF MARIA FIDENCIA MENDOZA, DECEASED requests monetary relief of $74,999.00 from the DEFENDANTS as compensation for the injuries and damages that her mother has suffered and incurred as a result of the incident the subject of this lawsuit.

### COUNT 3. BYSTANDER CLAIM OF PLAINTIFF GAEL MENDOZA
### Plaintiffs incorporate the Factual Background in Section IV

At the time and on the occasion of the incident made the basis of this lawsuit, Plaintiff **GAEL MENDOZA** was the daughter of **MARIA FIDENCIA MENDOZA**.

Plaintiff **GAEL MENDOZA** was at or near the incident that occurred to her mother, **MARIA FIDENCIA MENDOZA**.

Plaintiff **GAEL MENDOZA** experienced emotional and/or mental trauma from seeing her mother **MARIA FIDENCIA MENDOZA** suffer the incident made the basis of this lawsuit, including seeing her fall, seeing her on the floor of the shower in pain and seeing her mother in pain at the hospital and at home, having to give her mother medications, having to take her mother to the doctors for medical treatment, and seeing her mother health deteriorating.

### VI. CONTRIBUTORY NEGLIGENCE

Nothing PLAINTIFFS did or failed to do contributed to the incident made the basis of this lawsuit.

### VII. INJURIES

As a result of the incident made the basis of this lawsuit, PLAINTIFFS have suffered severe permanent personal injuries and bodily injuries causing PLAINTIFF to sustain loss of enjoyment of life. PLAINTIFFS have experienced physical pain, suffering, and mental anguish and will in all probability continue to do so in the future by reason of the severity and nature of PLAINTIFFS' injuries and damages. PLAINTIFFS have been caused to incur medical charges and expenses in the past and will in all reasonable probability continue to do so in the future.

PLAINTIFF **GAEL MENDOZA** has had to suffer the loss of love, affection, and companionship that her mother **MARIA FIDENCIA MENDOZA** would have provided if she had not suffered the incident made the basis of this lawsuit.

Electronically Submitted
6/24/2019 3:46 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-19-3411-D

## VIII. PRE-EXISTING CONDITIONS

If it be shown that PLAINTIFFS suffered from pre-existing conditions, PLAINTIFFS plead that these conditions were aggravated and/or exacerbated by the negligent conduct of each DEFENDANTS.

## IX. DAMAGES TO PLAINTIFF, GAEL MENDOZA

By the reason of all the foregoing acts and/or omissions, each and all of which constitute negligence, PLAINTIFF **GAEL MENDOZA** has sustained injuries and damages in an amount well above the jurisdictional amount of this Court for which she now sues, including but not limited to the following:

A.. Damages for loss of consortium, enjoyment of life, both past and future, Plaintiff have suffered as a result of the incident that made the basis of this lawsuit and the resulting injuries;

B. Damages for loss of sleep, Plaintiff has suffered as a result of the incident that made the basis of this lawsuit and the resulting damages; and

C. Damages for loss of love and affection Plaintiff has suffered as a result of the incident made the basis of this lawsuit and the resulting damages.

PLAINTIFF, **GAEL MENDOZA**, requests monetary relief of $74,999.00 or less from DEFENDANTS as compensation for the injuries and damages that she has suffered and incurred as a result of the incident the subject of this lawsuit.

## X. VICARIOUS LIABILITY AND RESPON**DEAT SUPERIOR AGAINST DEFENDANTS**

Plaintiffs will show that at the time of the incident made basis of this lawsuit, DEFENDANTS were in control of the recreation center and was acting by and through its agents, representatives, or employees.

DEFENDANTS should be held liable and responsible for Plaintiff's damages due to negligent acts and/or omissions of its employees, agents, and/or representatives. The incident complained of would not have occurred in the ordinary course of events without the negligent acts and/or omissions of DEFENDANTS, and its agents, employees and/or representatives. DEFENDANTS are liable under the doctrines of Respondeat Superior and Vicarious Liability.

## XI. PRE-EXISTING CONDITIONS

If it be shown that PLAINTIFF suffered from pre-existing conditions,

**PLAINTIFFS' ORIGINAL PETITION**

Electronically Submitted
6/24/2019 3:46 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-19-3411-D**

PLAINTIFF pleads that these conditions were aggravated and/or exacerbated by the negligent conduct of each DEFENDANTS.

## XII. JURY DEMAND

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs request a trial by jury as to all issues of fact presented herein.

## PRAYER FOR RELIEF

**WHEREFORE, FOR THE REASONS STATED,** Plaintiffs pray that Defendants be cited in terms of law to appear and answer herein and that Plaintiffs, upon final trial of this cause, have judgment against Defendants, jointly and severally, in an amount in excess of the minimum jurisdictional limits of this Court, for costs of Court, pre-judgment and post-judgment interest at the highest legal rate, for the recovery of actual damages, and for such other and further relief, both special and general, to which Plaintiffs may be entitled, in that of law and equity.

Respectfully submitted,

JESUS SOTELO & ASSOCIATES P.L.L.C.
Attorney At Law
P.O. Box 701
Donna, Texas 78537
Telephone (956) 283-8484
Facsimile (956) 274-7106
E-mail: jstl@msn.com

By: /s/ Jesus Sotelo
JESUS SOTELO
Texas Bar No. 18855725
**Attorney for Plaintiffs**

Electronically Submitted
7/19/2019 3:28 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CAUSE NO. CL-19-3411-D

| | | |
|---|---|---|
| GAEL MENDOZA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIA FIDENCIA MENDOZA, DECEASED, Plaintiffs, | § § § § § § | IN THE COUNTY COURT |
| VS. | § § § | AT LAW NO. FOUR (4) |
| AMERICAN RED CROSS OF SOUTH TEXAS, AMERICAN NATIONAL RED CROSS Defendant. | § § § § | HIDALGO COUNTY, TEXAS |

### DEFENDANT, THE AMERICAN NATIONAL RED CROSS'S, ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, **The American National Red Cross**[1] and makes the following Original Answer and Affirmative Defenses to Plaintiffs' Original Petition, and any subsequent Petitions, and would show the Court as follows:

### I. GENERAL DENIAL

Defendant generally denies the material allegations of Plaintiffs' Original Petition and demands proof thereof as required by the Texas Rules of Civil Procedure and reserves the right to plead further and in greater particularity as the case progresses should such be indicated.

### II. AFFIRMATIVE DEFENSES

1. Defendant affirmatively pleads the defense of "Unavoidable Accident" and requests that the Finder of Fact be instructed thereon.

2. Defendant would show that the matters alleged by Plaintiffs were wholly and completely unavoidable, and without any negligence on the part of Defendant. Defendant would

---

[1] Plaintiffs also named as a Defendant American Red Cross of South Texas. However, American Red Cross of South Texas is an operating unit of the American National Red Cross, not a separate corporation or legal entity, and is therefore not capable of being sued under the laws of the State of Texas.

Electronically Submitted
7/19/2019 3:28 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

show that any occurrence in question was the result of events and/or conditions wholly beyond the scope and control of Defendant and for which it is not responsible.

3. Defendant would show that Plaintiffs' injuries and damages, if any, resulted from a superseding and intervening, or new and independent cause not reasonably foreseeable by Defendant, which became the immediate or proximate cause of Plaintiffs' injuries and damages, if any. Any acts or omissions alleged by Plaintiffs as to Defendant were remote and non-causative of Plaintiffs' damages, if any.

4. Defendant would show that the occurrence in question was solely caused by persons, entities, instrumentalities, or factors other than this Defendant and over whom Defendant possesses no right of control and had no responsibilities.

5. Defendant denies that Plaintiffs are entitled to the recovery of damages under the Americans with Disabilities Act (ADA). Defendant made a good faith effort to comply with the ADA and denies that it violated any provisions and/or that any alleged violations caused injuries to Plaintiffs.

6. Defendant would further show this action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, settling person, and responsible third-party that may be joined in the suit. Defendant is entitled to a credit for any settlements the Plaintiffs receives from any other person or entity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.012.

7. Defendant would further show that some or all of Plaintiffs' alleged injuries and damages are the result of pre-existing and/or subsequently occurring bodily injuries, ailments, conditions or stressors unrelated to the incident that is the basis of this lawsuit.

Electronically Submitted
7/19/2019 3:28 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

8. Defendant would show that Plaintiff Gael Mendoza is not entitled to the recovery of bystander damages. *See Motor Express, Inc. v. Rodriguez*, 925 S.W.2d 638, 639 (Tex. 1996).

9. Defendant further requests, while denying all liability, the Court apply the liability and damage limitations contained within the Texas Charitable Immunity and Liability Act, Chapter 84, of the Texas Civil Practice & Remedies Code. This specifically includes, but is not limited to, the limitations on liability pursuant to TEX. CIV. PRAC. & REM. CODE §§ 84.004 – 84.006.

10. Defendant further asserts the limitation of recovery of damages pursuant to TEX. CIV. PRAC. & REM. CODE §41.0105. To the extent Plaintiffs seek recovery for medical bills, expenses, and services incurred, but which were never charged to the Plaintiffs and, thus, were never paid or in fact incurred by them, Defendant would show that Plaintiffs are not entitled to recover those amounts. Defendant is entitled to credit for any offset or discount from fees for services; specifically, Plaintiffs may only recover medical or healthcare expenses that were actually paid or that were incurred by or on Plaintiffs' behalf. *See* TEX. CIV. PRAC. & REM. CODE §41.0105.

11. To the extent that any health care provider has written off its own charges for medical care for the Plaintiffs and/or paid charges for medical care for the Plaintiffs in connection with the injuries made the basis of this suit, in the unlikely event that Plaintiffs obtain a final judgment against Defendant, Defendant would respectfully show it is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiffs.

12. In addition, Defendant affirmatively pleads the assessment and award of pre-judgment interest violates the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, in that such an

- 3 -

Electronically Submitted
7/19/2019 3:28 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

award constitutes an excessive fine imposed without the protection of fundamental due process. Accordingly, Defendant hereby invokes its rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and respectfully requests this Court disallow any award of pre-judgment interest for the following reasons:

   a. Any award by a jury is to be an amount of money assessed at the time of trial and is to be paid in dollars awarded at the time of trial and, as such, the jury has already factored into its deliberations the change in the value of money from the time of the occurrence in question until the time of trial; and

   b. In awarding pre-judgment interest, Plaintiffs, in effect, receive double any pre-judgment increase in the value of his case because a jury has already taken into account the time value of money and pre-judgment interest added to the jury's verdict constitutes an award amounting to double recovery.

13. Defendant further alleges that Plaintiffs' claims for pre-judgment interest are limited by the dates and amounts set forth in one or more of the following statutes, as applicable to this case:

   a. TEXAS FINANCE CODE;

   b. Chapter 41, Section 41.007 of TEX. CIV. PRAC. & REM. CODE. ANN.

### III. RIGHT TO AMEND

Defendant respectfully reserves the right to file an amended Answer in this cause in the manner authorized by the Texas Rules of Civil Procedure.

### IV. RULE 193.7 NOTICE

Defendant hereby gives notice to Plaintiffs that any and all documents produced in response to written discovery may be used against Plaintiffs at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

Electronically Submitted
7/19/2019 3:28 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

## V. JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby respectfully requests a trial by Jury in this proceeding and tenders payment of the jury fee.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, **The American National Red Cross**, prays that Plaintiffs take nothing by reason of this suit, that Defendant recover its costs, and for such other and further relief, to which it may show itself justly entitled.

Respectfully submitted,

**JOHNSON, TRENT & TAYLOR, L.L.P.**

By: /s/ Kealy C. Sehic
Kealy C. Sehic
State Bar No. 24040688
Timothy V. Burns
State Bar No. 24097439
919 Milam, Suite 1500
Houston, Texas 77002
(713) 222-2323
(713) 222-2226 (*facsimile*)
ksehic@johnsontrent.com
tburns@johnsontrent.com

**ATTORNEYS FOR DEFENDANT,
THE AMERICAN NATIONAL RED CROSS**

Electronically Submitted
7/19/2019 3:28 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel of record pursuant to Rule 21 and Rule 21(a) of the TEXAS RULES OF CIVIL PROCEDURE on this 19th day of July, 2019.

Jesus Sotelo                                                                                         *Via E-Serve*
JESUS SOTELO & ASSOCIATES, PLLC
P.O. Box 701
Donna, Texas 78537
jstl@msn.com

                                                             /s/ Kealy C. Sehic
                                                             KEALY C. SEHIC

935346.1-07192019

- 6 -